# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| LACEY KURT PAIGE,      | )                    |
|                        | )                    |
| Plaintiff,             | )                    |
|                        | )                    |
| v.                     | )  No. 1:12CV40 SNLJ |
|                        | )                    |
| UNKNOWN MURRY, et al., | )                    |
|                        | )                    |
| Defendants.            | )                    |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 516964), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.08. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint, with respect to the properly named defendants.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $10.38, and an average monthly balance of $.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at South Central Correctional Center, brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Murry (correctional officer, Southeastern Correctional Center ("SECC")); Unknown Taber (correctional officer, SECC); Unknown Arnold (correctional officer, SECC); Unknown Cooley (correctional officer, SECC); Unknown Hack (correctional officer, SECC); Unknown Hart (correctional officer, SECC); Unknown Walters (correctional officer, SECC); Unknown Waters (correctional officer, SECC); and John Does #1-4 (maintenance men and plumbers at SECC).

-3-

Specifically, plaintiff alleges that during his incarceration at SECC in the Fall of 2010, there was a raw sewage leak in his cell for more than thirty (30) days. Plaintiff states that he reported the leak to each of the defendant correctional officers, but the leak was not fixed for more than a month. Plaintiff claims that he and his "cellie" asked for cleaning supplies in order to address the leak themselves but that they were denied such supplies. Plaintiff states that he also requested a transfer to a different cell until the leak could be fixed but that his request was denied. Plaintiff asserts that the leak was "foul-smelling, brownish liquid," which contained urine and feces. Plaintiff alleges that his roommate slipped and fell in the sewage water, and that plaintiff developed a chronic rash as a result of his attempts to clean up the leak. Plaintiff states that the John Doe defendants were at some point asked by corrections officials to fix the leak but that the John Doe defendants refused to fix the problem in a timely manner.

Plaintiff's claims for unconstitutional conditions of confinement survive initial review under 28 U.S.C. § 1915. As such, the Court will order the Clerk to issue process on plaintiff's complaint. As the John Doe defendants have not been properly identified, process cannot yet be issued on these defendants. Consequently, plaintiff will be given ninety (90) days from the date of this Memorandum and Order to provide the Court with the proper names and addresses of these defendants so that

process can be effectuated on the John Does. Plaintiff's failure to do so will result in a dismissal of the claims against these defendants, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, no later than ninety (90) days from the date of this Memorandum and Order, plaintiff shall provide the Court with the proper names and addresses of John Does #1-4 such that service of process can be

effectuated on these defendants. Plaintiff's failure to do so will result in a dismissal of the claims against these defendants, without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), the named defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 15th day of March, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE