UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LACEY PAIGE | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-40 SNLJ |
| | ) | |
| JERRY MURRAY, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff brought this 42 U.S.C. § 1983 claim against defendants, alleging that they violated plaintiff's Eighth and Fourteenth Amendment rights by threatening his health and safety with regard to an alleged sewer leak in his cell.

Presently before the Court are plaintiff's Motion to Compel (#37), plaintiff's Motion for Leave to Depose Defendants and Witnesses by Oral Examination (#42), and a letter that the Court has interpreted as a Motion for Subpoenae Duces Tecum (#48).

**I.      Motion to Compel (#37)**

Plaintiff moves to compel responses to his Requests for Production propounded on defendants.  However, plaintiff does not certify that he has "in good faith conferred or attempted to confer with the person or the party failing to make disclosure … in an effort to obtain it without court action." Fed. Rule Civ. Pro. 37(a)(1).  Local Rule 37-3.04(A) provides that the Court will not consider any motion relating to discovery and disclosure unless the motion contains such a certification.

Even if plaintiff had included such a certification, however, it does not appear that plaintiff's motion would have been successful.  Defendants' objections appear to be well-taken.

In particular, plaintiff seeks documents that relate to internal workings of the prison that are not likely to be relevant to plaintiff's claim and, furthermore, that may compromise the security of the prison if produced.  Moreover, some of plaintiff's requests for production sought information that are properly posed as interrogatories (*see* Fed. R. Civ. P. 33).

Thus, plaintiff's motion will be denied.

## II.   Motion for Leave to Depose Defendants and Witnesses by Oral Examination (#42)

Next plaintiff requests that the Court appoint an authorized officer to administer depositions of defendants and witnesses in this case.  Plaintiff contends that he has attempted to obtain discovery of pertinent documents and knowledge of witnesses by way of the discovery process and correspondence, to no avail.  However, plaintiff does not state specifically whom he intends to depose, nor does he explain what information he seeks.  Furthermore, plaintiff has not sought leave to take depositions by written questions, which is available pursuant to Federal Rule of Civil Procedure 31(a)(2).  Plaintiff's motion will be denied.

## III.   Motion for Information Regarding Subpoena Duces Tecum (#48)

Finally, plaintiff wrote a letter to the Clerk of the Court on March 17, 2013, requesting the necessary forms for issuing a subpoena to obtain his medical records.  Plaintiff must promptly file a motion with the Court requesting that the Court issue a subpoena and stating (1) on whom the subpoena should be served, and (2) the documents he seeks.  Plaintiff should be as specific as possible in his motion.

Accordingly,

**IT IS HEREBY ORDERED** that  plaintiff's Motion to Compel (#37) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Depose Defendants and Witnesses by Oral Examination (#42) is DENIED.

**IT IS FINALLY ORDERED** that plaintiff's Motion for Information Regarding Subpoena Duces Tecum (#48) is GRANTED.

Dated this   3rd   day of April, 2013.

```
                                    _____
                                    STEPHEN N. LIMBAUGH, JR.
                                    UNITED STATES DISTRICT JUDGE
```