UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **LACEY PAIGE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-40 SNLJ |
| ) | |
| **JERRY MURRAY, et al.** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Presently before the Court are two motions by plaintiff. Plaintiff's Motion for Extension (#78) seeks additional time in which to respond to the defendants' motion for summary judgment due to his limited library access and funds. That motion will be granted.

Plaintiff's Motion of Clarification (#79) is a response to the Court's Order of October 29, 2013 (#77). That Order denied plaintiff's motion to reconsider the Court's denial of his request to compel "documents or logbooks that indicate what officers were assigned and worked in Housing Unit 2 at SECC" from September 1, 2010 through January 31, 2011, including records that indicate in what wing the officer worked. Defendants had already produced shift schedules from September 1, 2010 to November 30, 2010. They cite safety and security reasons for not producing further information, and they also state that the documents implicated are "confidential, closed records pursuant to § 217.075(3) RSMo." They also stated that the request is overbroad, unduly burdensome, and not sufficiently limited in time and scope. As articulated in the Court's October 29 Order,

> Plaintiff alleges that, while housed in the administrative segregation unit of SECC, a foul-smelling brown liquid began to seep into his cell at a rate of one gallon per hour on October 9, 2010. Plaintiff complained to various officers, but the leak was not fixed until November 10, 2010. The Court denied plaintiff's

> motion to compel as to that Request #2 because it was overbroad in time and scope: the leak was fixed on November 10, 2010, and plaintiff offered no explanation for why he needs information about officer assignments through January 2011. Plaintiff did not explain why the shift schedules for September and November were not sufficient.
>
> Now plaintiff suggests that defendants improperly objected on attorney-client privilege grounds, but defendants did not raise that objection to Request #2. Plaintiff further requests reconsideration because the information he seeks "is necessary to prove the state of mind of the defendants in that they ignored plaintiff on a daily basis." (#76 at ¶ 14.) Plaintiff goes on to state that he would accept production of documents pertaining to the time period set forth in the Complaint. Plaintiff did obtain shift schedules for September and November, so the Court must infer that plaintiff wants to know to which wing each of the officers was assigned for each shift. Again, now looking to plaintiff's professed need for information reflecting to which wing each officer was assigned for each shift, plaintiff has not explained why he needs documents reflecting the specific information he seeks. Plaintiff says he did not want to explain further his need for the documents because he did not want "to expose" his "strategy" before the filing of defendants' motion for summary judgment. Plaintiff already knows the identities of the officers to whom he complained because he named them as defendants. The Court still does not understand how the requested information would be likely to lead to admissible evidence going to the defendants' state of mind or any other matter pertinent to plaintiff's case.

(Order, #77 at 2-3.) Plaintiff filed his "Motion for Clarification" in order to explain his need for the requested documents. Plaintiff states that he wants to prove that the named defendants worked in A-Wing during the time period between October 9 and November 12, 2010 because, when assigned to housing unit 2, the named defendants would have been required to perform certain job duties that would have required the defendants to see the allegedly deplorable conditions of his cell. Further, he states that the logs would show whether the defendants had reported work orders for other inmates' cells, further reflecting their state of mind.

The Court will order the defendants to file a response to plaintiff's motion. The defendants shall explain whether there are other means of conveying the information he seeks that do not implicate the security or other concerns they may have. To the extent defendants have security concerns regarding sharing the requested information with plaintiff, defendants

2

shall explain how records of past specific job assignments in particular housing unit wings implicate such security concerns going forward.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for an Extension of Time (#78) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall have until February 8, 2014 to respond to the defendants' motion for summary judgment.

**IT IS FURTHER ORDERED** that plaintiff's Motion of Clarification (#79) is **held in abeyance**.

**IT IS FINALLY ORDERED** that defendants shall respond to plaintiff's Motion of Clarification (#79) as described in the memorandum above no later than November 25, 2013.

Dated this  14th  day of November, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE