UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LACEY PAIGE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-40 SNLJ |
| | ) | |
| JERRY MURRAY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Presently before the Court are two motions by plaintiff. Plaintiff's Motion for Extension (#85) seeks additional time in which to respond to the defendants' motion for summary judgment due to discovery-related disputes. That motion will be granted.

Plaintiff's Motion of Clarification (#79) is a response to the Court's Order of October 29, 2013 (#77). That Order denied plaintiff's motion to reconsider the Court's denial of his request to compel "documents or logbooks that indicate what officers were assigned and worked in Housing Unit 2 at SECC" from September 1, 2010 through January 31, 2011, including records that indicate in what wing the officer worked. Defendants had already produced shift schedules from September 1, 2010 to November 30, 2010. They cite safety and security reasons for not producing further information, and they also state that the documents implicated are "confidential, closed records pursuant to § 217.075(3) RSMo." They also stated that the request is overbroad, unduly burdensome, and not sufficiently limited in time and scope.

Plaintiff filed his "Motion for Clarification" in order to explain his need for the requested documents. Plaintiff states that he wants to prove that the named defendants worked in A-Wing during the time period between October 9 and November 12, 2010 because, when assigned to

housing unit 2, the named defendants would have been required to perform certain job duties that would have required the defendants to see the allegedly deplorable conditions of his cell. Further, he states that the logs would show whether the defendants had reported work orders for other inmates' cells, further reflecting their state of mind.

The Court ordered defendants to file a response to plaintiff's motion (#80). The defendants explained the difficulties inherent to supplying the requested information, but they offered to supply affidavits from defendants Hack, Walters, and Murray regarding their recollection as to their access to the A-Wing on the relevant dates. The Court will order defendants to supply the offered information. Plaintiff will thus have been supplied with numerous documents showing which defendants were present during the relevant time period.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for an Extension of Time (#85) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Clarification (#79) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendants shall furnish the declarations and/or affidavits they offered in their Response (#83) no later than May 1, 2014.

**IT IS FINALLY ORDERED** that plaintiff shall have until May 29, 2014 to respond to the defendants' motion for summary judgment.

Dated this   4th   day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE