UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LACEY PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12:cv40 SNLJ |
| | ) | |
| JERRY MURRAY, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in custody of the Missouri Department of Corrections ("MDOC"), brought the instant action pursuant to 42 U.S.C. § 1983 against defendants Leslie Tyler, Tina Boyet and Brian Robinson for alleged injuries he received while he was incarcerated at Southeastern Correctional Center ("SECC"). Defendants are correctional officers at SECC. This Court denied defendants' motion for summary judgment and appointed counsel for plaintiff. Notably, plaintiff previously requested appointment of counsel (#41), and the Court determined that counsel was necessary at that point to litigate the case through trial.

Plaintiff's appointed counsel participated in a scheduling conference with the Court and defense counsel pursuant to Federal Rule of Civil Procedure 16 on March 9, 2015. The matter is set for jury trial on March 1, 2016. Discovery closes on September 1, 2015. Plaintiff's counsel filed a discovery request and a notice of deposition with the Court on July 31, 2015 (#111, #112); the Clerk of the Court responded (#113) that discovery documents are not accepted for filing in federal court. Plaintiff himself filed a

"Motion to Withdraw" those two discovery documents on August 10, 2015, because plaintiff had not authorized his attorney to request the documents sought by those filings.[1] Plaintiff states that he believes "counsel is purposely requesting such documents intended to allow the defense to introduce evidence detrimental to plaintiff and advantageous for the defense." (#114 at 2.) Relatedly, plaintiff filed a "Motion to Terminate Counsel or in the Alternative Motion to Order Counsel to Confer with and Receive Written Approval from Plaintiff Prior to Filing any Motions etc." (#115.)

Prisoner plaintiffs are sometimes dissatisfied with their court-appointed counsel. Plaintiff's particular complaint here is novel, however, because typically such plaintiffs suggest that counsel is not doing enough to advance plaintiff's case. Here, plaintiff's counsel is diligently pursuing discovery regarding matters relevant to plaintiff's complaint. Plaintiff is reminded that his counsel's interests are aligned with his own, and counsel must prepare the matter for trial such that all evidence is admissible in Court pursuant to the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiff's case revolves around a particular timeframe in a particular area of the prison, and it is utterly reasonable that his counsel needs to obtain documents from the prison (including regarding procedures and work assignments/hours of prison personnel) and to access the prison itself in order to prepare to admit evidence properly at trial. Plaintiff is reminded that his counsel is spending significant time, money, and other resources on

---

[1] The Court notes that, typically, "[i]t is not our practice to consider pro se pleadings filed by the parties represented by counsel." *United States v. Mentzos*, 462 F.3d 830, 838 n.3 (8th Cir. 2006).

plaintiff's case, and that it may not be practicable for counsel to advise plaintiff of every procedural or discovery-related move in light of case deadlines.

Further, plaintiff is reminded that he filed a motion to "postpone a summary judgment decision until adequate discovery has been completed" (#97), which this Court denied because discovery was to be re-opened upon appointment of counsel. Thus plaintiff's aversion to discovery is all the more confusing. Plaintiff may disagree with his counsel, but, in the absence of some proof to the contrary, plaintiff must accept that his attorney is acting in plaintiff's best interest. To the extent plaintiff is concerned that defendant's production of documents will result in unfavorable documents being used against plaintiff, the Court notes that any such documents would be available to defendants regardless. As explained above, the information counsel seeks appears to be in line with the evidentiary requirements of this Court.

Plaintiff is finally advised that, should he choose to terminate his relationship with counsel, the Court will not entertain a motion to appoint substitute counsel in light of plaintiff's apparent unreasonable reluctance to prosecute his case in keeping with standard litigation practices.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Produce (#111) and Motion to Withdraw Motion to Produce (#114) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Terminate Counsel (#115) is **DENIED**.

Dated this __18th__ day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE