UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LACEY PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12:cv40 SNLJ |
| | ) | |
| JERRY MURRAY, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff is an inmate in the Missouri Department of Corrections ("MDOC") who brought this 42 U.S.C. § 1983 action against certain correctional officers regarding his conditions of confinement while incarcerated at the Southeast Correctional Center ("SECC"). This matter is before the Court on plaintiff's motion for summary judgment (#117). This Court previously denied the defendants' motion for summary judgment. Trial is set for March 9, 2016. The matter is now fully briefed and is ready for disposition.

I.  **Factual Background**

The essential facts of this matter were described in this Court's previous Memorandum & Order (#102) addressing defendants' motion for summary judgment. Very little new information has been provided. The parties agree that, sometime in October 2010, plaintiff reported to defendant correctional officers James Hack and Jarrod

1

Walters that water was leaking into plaintiff's cell.[1] The fluid was brownish with the consistency of water and increased gradually, and plaintiff says that it smelled like sewage. Defendants do not identify the source of the leak, but they dispute that it smelled like sewage. Plaintiff alleges that he asked to be moved to a different cell or to be given cleaning supplies. However, defendants state that plaintiff did not ask for cleaning supplies and that plaintiff declined to move cells when the opportunity was offered to him. Plaintiff alleges that he had to use his own sheets and towels to sop up the liquid on the floor, but defendants state that he was given extra laundry with which to clean up.

Plaintiff testified that he developed an itchy rash because of the leak in his cell. A nurse examined Plaintiff's rash and provided him with an anti-itch cream, which relieved his symptoms. Plaintiff did not request any further medical treatment.

Defendants state that correctional officers do not place work orders to maintenance. Rather, they make such requests to the "bubble officers," and maintenance supervisors make repairs to cells when they get a work order. Defendant Hack indicated that he would report the leak, and he states that he reported the leak to the "bubble" officer. Defendant Jarrod Walters, another correctional officer, also states that he reported a leak in plaintiff's cell to a bubble officer.

The leak in Plaintiff's cell was repaired on or about November 10 or 12, 2010, approximately 31 days after plaintiff reported a leak. The Work Request was requested by defendant corrections officer Jerry Murray on November 8, 2010 at 4:41 a.m., and it was completed on November 12, 2010 at 10:51 a.m.

---

[1] Defendants stated in their summary judgment memorandum (#73) that plaintiff reported that leak to defendant correctional officer James Hack on or around October 9, 2010.

Plaintiff was appointed an attorney after this Court denied defendants' motion for summary judgment. Plaintiff later terminated his court-appointed attorney and is now proceeding *pro se*. Plaintiff has moved for summary judgment on his claim that the conditions of his confinement violated his constitutional rights.

## II.      Legal Standard

Pursuant to Rule 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541

F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

## III. Discussion

Government officials have a duty under the Eighth Amendment to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to prevail on his condition of confinement claim, plaintiff must show that the conditions constituted a substantial risk of serious harm or a deprivation of the minimal civilized measure of life's necessities. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998); *Frye v. Pettis County Sheriff Dept.*, 41 Fed. Appx. 906, 2002 WL 1726919, *1 (8th Cir. 2002). The Constitution does not mandate comfortable prisons. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison conditions that create temporary inconveniences or discomforts or that make confinement unpleasant do not constitute Eighth Amendment violations. *White v. Nix*, 805 F. Supp. 721, 724 (S.D. Iowa 1992).

Plaintiff claims that he lived with sewer water on the floor of his cell for 31 days and that he had to walk through the water to use the toilet, retrieve his meals, and come and go from the cell. He claims those conditions were inhumane and in violation of his Eighth Amendment right to be free from cruel and unusual punishment. There is a genuine issue of fact, however, regarding whether the water was foul-smelling sewer water or simply clean water from a leaking water line. Defendants also dispute that the water covered plaintiff's entire cell floor or that he had to walk through the water. Further, defendants state that plaintiff was offered a chance to move cells. Plaintiff says

4

he developed a rash from the sewer water exposure, but defendants deny the rash was caused by the water. Plaintiff contends that all of defendants' affidavits should be disregarded as self-serving affidavits that are not based on personal knowledge. However, as with defendants' motion for summary judgment, the presence of numerous disputed material facts here preclude summary judgment.

## IV. Conclusion

Plaintiff's motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (#117) is **DENIED**.

Dated this  20th  day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE