UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| LACEY PAIGE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:12:cv40 SNLJ |
|  | ) |  |
| JERRY MURRAY, et al., | ) |  |
|  | ) |  |
| Defendants, | ) |  |

## MEMORANDUM AND ORDER

Plaintiff is an inmate in the Missouri Department of Corrections ("MDOC") who brought this 42 U.S.C. § 1983 action against certain correctional officers regarding his conditions of confinement while incarcerated at the Southeast Correctional Center ("SECC"). This Court has twice denied summary judgment in this case: once to defendants, and once to plaintiff. Trial was originally set for April 20, 2016. However, upon reviewing defendants' trial brief (#163), this Court determined that the trial brief should be treated as a renewed motion for summary judgment (#165), and a briefing schedule was set. Trial is set for August 30, 2016.

This memorandum presumes the reader's familiarity with this Court's previous denials of summary judgment. Defendants contend that they are entitled to judgment because (1) plaintiff's conditions of confinement were not in violation of plaintiff's constitutional rights, and (2) plaintiff cannot show that any defendant was deliberately indifferent to a substantial risk to plaintiff's health and safety.

The crux of plaintiff's claim is that his cell was substantially covered in brownish, foul-smelling liquid for thirty days, resulting in a rash on plaintiff's body and generalized discomfort due to living in such conditions. Plaintiff said that he was required to walk through the water to retrieve his food trays or to come and go from the cell. Plaintiff alleges that he asked to be moved to a different cell or to be given cleaning supplies. However, defendants state that plaintiff did not ask for cleaning supplies and that plaintiff declined to move cells when the opportunity was offered to him. Plaintiff alleges that he had to use his own sheets and towels to sop up the liquid on the floor, but defendants state that he was given extra laundry with which to clean up.

This case has been plagued with fact questions from the beginning. Quizzically, the answers to these questions seem well within defendants' possession, yet defendants have failed to submit evidence that would conclusively resolve these disputes. For example, defendants must know the source of the leak. In their latest reply brief, they state "there are no documents to support his claim" that the leak emitted "brownish, foul-smelling" water covering 85% of plaintiff's cell. The parties agree that defendants ultimately caused the leak to be repaired, and thus someone knows *what* was repaired.

Defendants say plaintiff supports his claim with only his self-serving affidavit and hearsay. But he testified to the conditions in his cell at his deposition, and he included notarized affidavits from other inmates as to the sewage smell and conditions in plaintiff's cell, as well. (*E.g.*, #92-4, Ex. 9; #118-15, Ex. 15.) Defendants can hardly complain about plaintiff's use of affidavits when they themselves employ the same type of evidence.

2

As for the rash, defendants say that plaintiff's "sole piece of evidence [that he contracted the rash because of contaminated water] is again his self-serving affidavit. Despite the fact that he was able to obtain his medical records, he has not provided any diagnosis of rash, much less the cause of any such rash." Medical records reflect that plaintiff was given hydrocortisone cream (for "very dry" but "intact" "normal color" skin) and that he complained of a rash on both arms several times during the pertinent period.

The main thrust of defendants' latest motion is that none of them is liable because none acted with deliberate indifference. The Eighth Amendment of the United States Constitution "prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "Exposure to raw sewage may in some cases amount to cruel and unusual punishment. However, any analysis of confinement conditions must be based on the totality of the circumstances." *Id.* (internal citations omitted). "To prevail on an Eighth Amendment claim in this context, an inmate must show that correctional officers were deliberately indifferent to the risk of harm posed by the raw sewage." *Id.*

The Eighth Circuit has held that 10 weeks of sewage leaking (from a toilet) into a cell did not constitute a constitutional violation where the correctional officers made efforts to provide the inmate with blankets to sop up the leak and a plumber who unsuccessfully attempted to repair the toilet. *Frye v. Pettis Cty. Sheriff Dep't*, 41 F. App'x 906, 908, 2002 WL 1726919, at *1 (8th Cir. 2002). As the Eighth Circuit observed, "the officials responded to the complaints and tried to remedy the problem. Undoubtedly, the blankets helped. The fact that the remedies fell short of curing the problem does not show

the officials were deliberately indifferent to [the inmate's] health and safety." *Frye v. Pettis Cty. Sheriff Dep't*, 41 F. App'x 906, 908 (8th Cir. 2002).

This Court held its first memorandum and order on defendants' summary judgment motion that

> plaintiff has at least raised a question of fact as to whether the conditions were of proven adverse consequence to health and human needs. He was required to walk through the brown, foul-smelling liquid any time he left his bunk, including to retrieve his meals, and he had only thin shower shoes (flip-flops) to wear on his feet. He had to reuse the linens he used to clean up the floor. He developed a documented itchy rash. The cases upon which defendants rely in support of their position are distinguishable because in those cases, the prisoner plaintiffs were supplied with—at a minimum— additional linens with which to mop up the foul liquid. (*See* # 95 at 4, 6 (citing *Garner v. Sanders,* No. 08–6031, 2009 WL 2905586 (W.D.Ark. Sept. 4, 2009); *Frye v. Pettis Cnty. Sheriff Dep't,* 41 Fed. App'x 906, 908 (8th Cir.2002)).

*Paige v. Murray*, No. 1:12-CV-40 SNLJ, 2014 WL 4594172, at *4 (E.D. Mo. Sept. 12, 2014). The same disputed facts remain today. With respect to defendants' arguments that defendants Arnold, Cooley, Hart, and Waters never even knew of a leak, plaintiff maintains that he repeatedly told them about the leak and repeatedly asked for cleaning supplies or to be moved. Although defendants note that Hack and Walters state they reported the leak to the "bubble" officer, it appears that no work request was put in for the leak until defendant Murray put in a request on November 8. The leak was repaired November 12. As the Court noted in its September 2012 memorandum,

> It is significant to this Court's determination that, although the defendants state they do not write work orders [as part of their job responsibilities], one defendant—Murray—actually submitted the work order for the leak in plaintiff's cell. Defendants do not explain this apparent discrepancy.

4

*Id.* Defendants continue to leave many fact questions --- such as this one --- open to interpretation. Surely someone had the responsibility to ensure that the work requests were actually made and received by maintenance. Because this Court must resolve all disputed facts in favor of plaintiff, *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976), summary judgment cannot be granted to defendants.

This matter is set for trial on August 30, 2016. The Court will order the parties to engage in good faith in Alternative Dispute Resolution in order to resolve plaintiff's claims without a trial. Counsel will be appointed for the plaintiff for the limited purpose of proceeding with mediation. Plaintiff is ordered to cooperate fully with his court-appointed counsel. As this Court stated in its orders regarding plaintiff's dissatisfaction with appointed counsel, the Court will not appoint counsel for trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' renewed motion for summary judgment (#165) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall engage in alternative dispute resolution effective immediately. Counsel will be appointed for plaintiff, and the parties shall select a neutral no later than June 27, 2016 with ADR compliance report due on July 27, 2016.

Dated this __6th__ day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE